UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE CORONADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:09-cv-2141 |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    **Answer**: The meeting was conducted by telephone conference on September 14, 2009 at 4:00 p.m. Paul Skrabanek appeared for Plaintiff and Keith Letourneau and Joe Aguda appeared for Defendant.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    **Answer**: Cause 2009-42397; *Jose Coronado v. RVOS Farm Mutual Insurance Company, Alamo Claim Service, Kendall Robnett, and Daniel Davila*; In the 11th Judicial District Court of Harris County, Texas.

3. **Briefly describe what this case is about.**

    **Answer:** Plaintiff asserts claims for Breach of Contract, Breach of the Common Law Duty of Good Faith and Fair Dealing, Breach of Fiduciary Dealing and Common Law Fraud by Negligent Misrepresentation, alleging that Defendant's unfair refusal to pay insurance benefits as represented by their agents and by the policies they sold caused Plaintiff extensive damage.

    **Defendant's Answer:** Plaintiff has asserted claims against Texas Farmers Insurance Company for an alleged failure to pay all amounts due under

>Plaintiff's National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP"). As part of Plaintiff's claims, Plaintiff has alleged numerous claims for recovery extra-contractual in nature. It is Texas Farmers position that all amounts due under Plaintiff's SFIP for the flood loss at issue in this matter, have been paid. Further, all extra-contractual claims against Texas Farmers as to the handling of Plaintiff's flood loss claim are preempted and barred by federal constitutional, statutory and regulatory law.

4. **Specify the allegation of federal jurisdiction.**

   **Answer:** Jurisdiction is based on the fact that the claims arise out of a flood policy written under the National Flood Insurance Program.

   **Defendant's Answer:** Jurisdiction over this matter is "exclusive" to this Honorable Court pursuant to 42 U.S.C. §4072. Jurisdiction is also appropriate in this Court under 28 U.S.C. §1331.

5. **Name the parties who disagree and the reasons.**

   **Answer:** None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   **Answer**: None.

7. **List anticipated interventions.**

   **Answer:** The parties do not anticipate any interventions.

8. **Describe class-action issues.**

   **Answer:** None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   **Answer:** The parties will make their initial disclosures within twenty days of the Rule 26(f) meeting.

10. **Describe the proposed agreed discovery plan, including:**

2

A. **Responses to all the matters raised in Rule 26(f).**

   **Answer:** No discovery problems are anticipated at this time.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   **Answer:** Plaintiff intends to serve interrogatories on Defendant within sixty days of the Rule 26(f) meeting.

C. **When and to whom the defendant anticipates it may send interrogatories.**

   **Answer:** Defendant intends to serve interrogatories on Plaintiff within sixty days of the Rule 26(f) meeting.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   **Answer:** Plaintiff anticipates taking depositions of persons with relevant knowledge of the facts and circumstances of the incident in question. These depositions should be completed within six months.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

   **Answer:** Defendant anticipates taking depositions of persons with relevant knowledge of the facts and circumstances of the incident in question. These depositions should be completed within six months.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   **Answer:** The parties shall designate experts and provide reports within the deadlines imposed by the Court.

   **Defendant's Answer:** Texas Farmers requests that this Court allow 30 days past Plaintiff's deadline for designation of experts for Defendant's designation of experts.

  **G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    **Answer:** Plaintiff will take the deposition of Defendant's experts, including, but not limited to, any liability or economic expert or other expert designated by Defendant, if necessary. This should be accomplished within the deadlines imposed by the Court.

  **H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    **Answer:** Defendant will take the deposition of Plaintiff's experts, including, but not limited to, any liability or economic expert or other expert designated by Plaintiff, if necessary. This should be accomplished within the deadlines imposed by the Court.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

  **Answer:** N/A

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

  **Answer:** None

**13.** **State the date the planned discovery can reasonably be completed.**

  **Answer:** The parties anticipate that discovery can be completed in six (6) months.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

  **Answer:** The parties have agreed to conduct voluntary settlement negotiations following completion of preliminary factual discovery, including mediation. The parties anticipate settling this matter short of trial.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

  **Answer:** The parties have agreed to take necessary steps including ongoing discussions and mediation.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **Answer:** The case is suitable for mediation after initial disclosures.

    **Answer:** Defendant, Texas Farmers, suggests that mediation would not be a viable alternative until the close of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **Answer:** The parties cannot agree to trial by magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    **Plaintiff's Answer:** Jury has been demanded.

    **Defendant's Answer:** Defendant contends Plaintiff is not entitled to a jury under the National Flood Insurance Program.

19. **Specify the number of hours it will take to present the evidence in this case.**

    **Answer:** Based upon information now available, the parties feel that this case can probably be presented to completion in a total of approximately 2 days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **Answer:** None.

21. **List other motions pending.**

    **Answer:** None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **Answer:** Defendant's position: This is not a typical insurance dispute. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy,"

specifically the Federal Emergency Management Agency ("FEMA"). At all relevant times, Texas Farmers acted in its capacity as a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968 NFIA ("NFIP"), as amended, and acting in its "fiduciary" capacity as the "fiscal agent of the United States." (44 C.F.R. Pt. 62, App A). Texas Farmers cannot waive, alter or amend any of the provisions of the SFIP. *See*, 44 C.F.R. Pt. 61.13(d) and 44 C.F.R. Pt. 61, App. (A)(1), Art. VII(D). Further, Texas Farmers has no authority itself to tailor or alter the NFIP policies backed by the government. 44 C.F.R. §62.23.

Texas Farmers' role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

All claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

    Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of the claim is constitutionally required. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). To make payments in strict compliance with the SFIP would be contrary to Congress' mandate and would violate the Appropriations Clause of the Constriction. *See, Gowland v. Aetna*, 143 F.3d at 953.

23. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    **Answer:**  Plaintiffs' Certificate of Interested Parties was filed July 22, 2009. Defendants filed a Certificate of Interested Parties on August 28, 2009. No amendments have been filed.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **Answer:**  Please see signature blocks below.

Dated: September 14, 2009.

             Respectfully submitted,

             ARNOLD & ITKIN LLP

             */s/ Kurt B. Arnold*
             _____
             Kurt B. Arnold
             State Bar No. 24036150
             Paul Skrabanek
             State Bar No. 24063005
             5 Houston Center
             1401 McKinney Street, Ste. 2550
             Houston, TX 77010
             Telephone: (713) 222-3800
             Facsimile: (713) 222-3850

             **Counsel for Plaintiff**

             - and -

*/s/ Keith B. Letourneau*
_____
Keith B. Letourneau
State Bar Number 00795893
5847 San Felipe, Suite 4600
Houston, Texas 77057
Telephone:   (713) 871-8822
Facsimile:   (713) 871-8844

Joe Aguda
Southern District Bar Number 559583
Nielsen Law Firm, L.L.C.
3838 N. Causeway Blvd., Ste. 2850
Metairie, LA 70002
504/837-2500

**Counsel for Defendant**